IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FORCE MOS TECHNOLOGY, CO., LTD. | § | |
| *Plaintiff*, | § § § | |
| v. | § § | |
| ASUSTEK COMPUTER, INC., | § § | CIVIL ACTION NO. 2:22-CV-00460-JRG |
| *Defendant*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant ASUSTek Computer, Inc.'s ("Defendant") Motion to Stay Pending Resolution of *Inter Partes* Reviews ("IPR") (the "Motion"). (Dkt. No. 30.) In the Motion, Defendant requests the Court "to stay this proceeding pending the resolution of the IPRs" filed against two of the three patents asserted in this case. (*Id.* at 8.) For the following reasons, the Court **DENIES** the Motion.

I.  BACKGROUND

Plaintiff Force Mos Technology Co., Ltd. ("Plaintiff") filed this case against Defendant on November 28, 2022 and asserted infringement of two patents: U.S. Patent Nos. 7,629,634 (the "'634 patent") and 7,847,346 (the "'346 patent"). (Dkt. No. 1.) Plaintiff then filed on March 7, 2023 its First Amended Complaint for Patent Infringement in which it also asserted U.S. Patent No. 7,812,409 (the "'409 patent" and collectively with the '634 and '346 patents, the "Asserted Patents"). (Dkt. No. 13.) The Asserted Patents generally relate to trenched semiconductor devices. (*Id.* ¶¶ 16, 25, 34.)

On October 27, 2023, Inergy Technology, Inc. ("Petitioner") filed two IPR petitions challenging the '409[1] and '634 patents.[2] (Dkt. No. 30 at 1.) Defendant was listed as a real party-in-interest in both IPR proceedings. (*Id*. at 1 n.1.) The Patent Trial and Appeal Board ("PTAB") has not issued an institution decision in either proceeding, but institution decisions are expected by May 27, 2024. (*Id*. at 3.) As of the date of this Order, no IPR petition challenging the claims of the '346 patent has been filed. (*See id.* at 2 (acknowledging that no IPRs have been filed challenging claims of the '346 patent).)

The *Markman* hearing is scheduled for April 11, 2024, and jury selection is scheduled for October 7, 2024. (Dkt. No. 35.) Defendant filed the Motion on November 30, 2023. (Dkt. No. 30.)

## II.   LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-01058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id*.

---

[1] *Inergy Tech., Inc. v. Force Mos Tech. Co., Ltd.*, IPR2024-00094, Paper No. 1 (P.T.A.B. Oct. 27, 2023).
[2] *Inergy Tech., Inc. v. Force Mos Tech. Co., Ltd.*, IPR2024-00093, Paper No. 1 (P.T.A.B. Oct. 27, 2023).

### III. DISCUSSION

#### A. Prejudice to the Nonmoving Party

First, Defendant argues that Plaintiff will not be unduly prejudiced by a stay because "[d]elay caused by a stay pending resolution of an IPR, without more, does not justify denying a stay." (Dkt. No. 30 at 6.) Defendant argues that because Plaintiff and Defendant "are not direct competitors" and Plaintiff "did not move for [a] preliminary injunction," delay alone does not constitute undue prejudice. (*Id*.) Finally, Defendant argues that denying "a stay will unduly prejudice and burden [Defendant], who will necessarily expend significant expenses and resources to defend against infringement on all three Asserted Patents." (*Id*. at 7.)

Plaintiff responds that even if it is not a competitor with Defendant, it still "has a right to timely enforcement of its patent rights," and the case may be stayed for years in view of the IPR proceedings. (Dkt. No. 31 at 7–8 (quoting *Clear Imaging Research, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:19-CV-00326-JRG, 2020 WL 13886381, at *1 (E.D. Tex. Dec. 18, 2020).) Plaintiff further argues that Defendant has (1) not filed petitions with the PTAB, and (2) delayed in seeking to stay this case, thereby prejudicing Plaintiff. (*Id*. at 8–9.)

In Reply, Defendant argues that "the risk of parallel claim construction, the length of the stay until resolution of the IPR, and delay of the trial . . . ***do not*** amount to undue prejudice." (Dkt. No. 32 at 4.) Defendant further argues that it diligently brought the Motion, and it was in fact Plaintiff that who was not diligent in bringing this lawsuit. (*Id*. at 4–5.)

The Court finds that this factor weighs slightly in favor of denying the stay. This Court has previously rejected Defendant's arguments and is "not persuaded by [the] argument that because [Plaintiff] is not a competitor of [Defendant], a delay to this litigation will result in no prejudice to [Plaintiff]." *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:19-CV-00152-JRG, 2020 WL

4040716, at *2 (E.D. Tex. July 17, 2020); *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022). While "a delay in vindication of patent rights *alone* is insufficient to prevent a motion to stay from being granted," "such a delay should still be considered in determining the extent of undue prejudice." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662-JRG-RSP, 2018 WL 11363368, at *1 (E.D. Tex. Nov. 19, 2018) (emphasis added). "Further, this Court has repeatedly found that a delay in recovering monetary damages is 'far from non-prejudicial' and is entitled to weight under this factor." *Koninklijke KPN*, 2022 WL 17484264, at *2 (quoting *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, No. 2:20-cv-00269, Dkt. No. 227 at 4 n.1 (E.D. Tex. Dec. 10, 2021)). Additionally, Defendant's argument that this factor weighs in favor of a stay because Plaintiff has not requested an injunction is incorrect. As this Court has found, "the failure to seek an injunction does not amount to an admission by plaintiff that it will not be prejudiced by a stay." *Saint Lawrence Comms. LLC v. ZTE Corp.*, No. 2:15-CV-00351-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017). Finally, Defendant's argument that it will be prejudiced if the case is not stayed "is inapposite, as the present factor in the stay analysis looks to 'whether a stay will unduly prejudice or present a clear tactical disadvantage *to the nonmoving party*.'" *Clear Imaging Research*, 2020 WL 13886381, at *1 (quoting *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018)).

Accordingly, this factor weighs slightly in favor of denying the stay.

### B. The Advanced Stage of the Proceedings

Defendant argues that it "filed this motion promptly after receiving the Notices of Filing Date Accorded on November 27, 2023." (Dkt. No. 30 at 7.) It further argues that "the most burdensome parts of the case, including trial, are all in the future." (*Id.*)

Plaintiff responds that it "filed this case more than one year ago—in November 2022—and the parties have made substantial progress." (Dkt. No. 31 at 9.) Plaintiff and Defendant have served initial disclosures and contentions, and both parties have produced thousands of pages of documents. (*Id*.)

In Reply, Defendant argues that "[a]t the time the present Motion was filed, the parties and the court had not engaged in the costliest and time-consuming parts of the case, such as claim construction, document requests, interrogatories, fact witness depositions, expert reports, expert depositions, dispositive motions, and pretrial disclosures." (Dkt. No. 32 at 3.) Defendant further argues that this Court has granted stays where the litigation is more advanced than here. (*Id*. at 3–4.)

The Court finds that this factor also weighs in favor of denying the stay. As Plaintiff explains, the original complaint had been filed (1) over a year before Defendant filed the Motion and (2) nearly a year before Petitioner filed the IPR petitions. Critically, Defendant received Plaintiff's infringement contentions on May 16, 2023. Defendant thus had notice of Plaintiff's positions with respect to the scope of the claims for over five months before the IPR petitions were filed.[3] Additionally, as Plaintiff explains, the parties engaged in voluminous discovery, serving contentions and producing thousands of pages of documents. The state of discovery as of the filing of the Motion and the length of time between filing of the original complaint and the Motion indicate that this case reached a relatively advanced state.

Accordingly, this factor weighs in favor of denying the stay.

---

[3] Due to the fact that Defendant is listed as a real party-in-interest to the Petitioner, the Court assumes that Defendant shared Plaintiff's infringement contentions with Petitioner. However, even if this were not the case, the Court still finds that this factor weighs in favor of denying the stay.

### C. Simplification of the Case

Defendant argues that a stay would simplify the case because if all claims challenged in the IPR proceedings are found invalid, the dispute could narrow to only the '346 patent. (Dkt. No. 30 at 4.) Defendant further argues that denying a stay would result in "parallel claim construction proceedings with the PTAB." (*Id.*) Defendant also argues that the Court may benefit from learning Plaintiff's positions at the PTAB, particularly with respect to claim constructions. (*Id.* at 5.) Finally, Defendant argues that "there is a high likelihood that the PTAB will institute" both IPR petitions. (*Id.* at 5–6.)

Plaintiff argues that the Motion is premature, given that "the PTAB is not required to make institution decisions until May 27, 2024." (Dkt. No. 31 at 4.) Plaintiff further argues that any simplification is speculative, especially because "potential institution is on less than all of the asserted claims or the asserted patents." (*Id.* at 4–5.) Additionally, Plaintiff argues that it is Defendant's fault that this Court will not benefit from positions taken at the PTAB because it is Defendant (or Petitioner) that delayed in filing the IPR petitions. (*Id.* at 5–6.) Plaintiff also argues that Defendant overstates the likelihood that the PTAB will institute IPRs. (*Id.* at 6.) Finally, Plaintiff argues that staying the case through institution decisions—even if the PTAB declines to institute proceedings—would considerably delay this case. (*Id.* at 6–7.)

In Reply, Defendant argues that motions for pre-institution stays are not "universally" denied in this Court. (Dkt. No. 32 at 1–2.) Defendant further argues that institution of either proceeding "is likely to streamline" the litigation such that the Court should grant the Motion. (*Id.* at 2.) Finally, Defendant reiterates its argument that positions taken during the IPR proceedings "will clarify the scope and nature of the asserted claims and prior art, regardless of the outcome." (*Id.* at 2–3.)

The Court finds that this factor weighs heavily in favor of denying the stay. As an initial matter, "this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings." *Nanoco Techs. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:20-CV-00038-JRG, 2021 WL 3027335, at *1 (E.D. Tex. Jan. 8, 2021) (citing *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-01047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)). For this reason alone, the Motion should be denied.

Typically, when a party files such a premature motion to stay, this Court will deny the motion without prejudice to refile the same following the PTAB's institution decision regarding the last of the patents-in-suit to be acted upon by the PTAB. However, here, the Court finds that the Motion should be denied *with* prejudice given that only two of the three Asserted Patents have been challenged at the PTAB. Specifically, because Defendant has not challenged the '346 patent, "the IPR[s] cannot simplify the issues related to the ['346 patent] in this case." *Koninklijke KPN*, 2022 WL 17484264, at *3. Thus, a "serious problem exists" with the Motion because "even in a situation where the PTAB invalidates every instituted claim," the '346 patent's asserted claims "would remain live in this case." *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960, at *6 (E.D. Tex. Mar. 24, 2020). For this reason, the IPRs cannot simplify the issues to the extent necessary to justify a stay. In short, the Court still has a case to try regardless of the outcome of the IPRs. Without the possibility that the Court's limited time and resources will be spared from conducting a trial on the merits, the reduced potential to simplify is inadequate to offset the prejudice and inherent delay a stay would require.

Accordingly, this factor weighs heavily in favor of denying the stay.

## IV.     CONCLUSION

For the reasons stated above, the Court finds that the balance of the factors weighs against granting a stay in this case. Accordingly, the Motion (Dkt. No. 30) should be and hereby is **DENIED with prejudice**.

**So ORDERED and SIGNED this 10th day of April, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE