IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FORCE MOS TECHNOLOGY CO., LTD., § <br> § <br> *Plaintiff*, § <br> § CIVIL ACTION NO. 2:22-CV-00460-JRG <br> v. § <br> ASUSTEK COMPUTER, INC., § <br> § <br> *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant ASUSTek Computer, Inc.'s ("Defendant" or "ASUSTek") Motion to Compel the Deposition of Ping-Chia (Rafael) Chung and for Sanctions (the "Motion"). (Dkt. No. 267.) In the Motion, Defendant "requests the Court to Order Plaintiff to re-produce Mr. Chung for an additional remote deposition for one hour, using an agreed interpreter (to avoid a check interpreter), at Plaintiff's cost and expense, and any other relief that the Court deems appropriate." (*Id*. at 1.) For the following reasons, the Court finds that the Motion should be **DENIED**.[1]

### I.  BACKGROUND

On May 29, 2024, Defendant filed Defendant, ASUSTek Computer, Inc.'s Motion to Compel and Motion for Sanctions. (Dkt. No. 117.) In that motion, Defendant requested the Court to compel Plaintiff Force MOS Technology Co., Ltd. ("Plaintiff" or "Force MOS" and with

---

[1] In addition to the substantive reasons provided herein, the Court also finds that the Motion should be denied for failing to follow this Court's Orders. First, the Motion violates the Amended Docket Control Order entered in this case. According to the Amended Docket Control Order, the deadline to file motions to compel discovery was May 20, 2024. (Dkt. No. 35 at 4.) The Motion was filed on August 19, 2024—nearly three months after the deadline to file motions to compel discovery. Defendant should have requested and obtained leave prior to filing the Motion.

Second, the Motion violates the Discovery Order entered in this case and this Court's Standing Order Regarding "Meet and Confer" Obligations Relating to Discovery Disputes. These Orders state that "[a]ttachments to a discovery related motion . . . shall not exceed 5 pages." However, Defendant attached 17 substantive exhibit pages to the Motion.

Defendant, the "Parties") to (1) produce certain documents, and (2) make Mr. Ming Tao Chung and Mr. Rafael Chung available for second depositions. (*Id*. at 1.)

The Court then set Dkt. No. 117, amongst other motions, for a hearing. (Dkt. No. 125.) At the hearing, the Parties represented to the Court that they resolved their disputes raised in Dkt. No. 117. (Dkt. No. 194 at 5:19–7:1.) Counsel for Plaintiff provided the scope of the Parties' agreement on the record:

> 117 is a little bit longer.
>
> So that is Asus's motion to compel. And there were requests in that motion, both for the production of documents and for some continued depositions. On the documents, Force Mos has agreed to produce communications leading up to certain quality assurance letters produced by Force Mos. It has agreed to produce documents showing whether Force Mos products were involved in the Quanta LRC audit from December of 2023. It has agreed to produce old contact information for Doctor Hsieh. And it has agreed to produce communications reflecting price increases of greater than or equal to 15 percent over a period of four months or less. And that covers the document production component of that motion.
>
> . . .
>
> [W]e also reached an agreement on depositions. And so for continued depositions, we have -- Force Mos has agreed to reproduce Mr. Rafael Chung for a deposition by Zoom. That deposition will be limited to four hours, and its substance will be limited to the new productions Force Mos has agreed to make, including quality assurance communications and letters; the Quanta audit and price increases. Force Mos has also agreed to reproduce for deposition Ming Tao or Dover Chung. That deposition will be conducted by Zoom. It will be limited to three hours, and the substance will be limited to price increases, the Quanta audit, and the patent agreement and authorization.

(*Id*. at 5:20–6:22.) Defendant's counsel confirmed on the record that Plaintiff's counsel accurately stated the Parties' agreement. (*Id*. at 7:2–7.) Since the Parties resolved the disputes raised in Dkt. No. 117, the Court Ordered Defendant to formally move to withdraw Dkt. No. 117. (Dkt. No. 143.) Defendant complied with the Court's Order and moved to withdraw Dkt. No. 117, and the Court subsequently issued an Order withdrawing Dkt. No. 117. (Dkt. No. 149.)

After the Parties resolved their disputes as stated in Dkt. No. 117, they arranged a second deposition for Mr. Rafael Chung on July 23, 2024. (Dkt. No. 282-2.) During the deposition, counsel for Defendant asked Mr. Chung several questions that counsel for Plaintiff instructed Mr. Chung to not answer because the questions were outside the scope of the agreed upon deposition. (*Id.*)

## II.   ANALYSIS

In the Motion, Defendant argues that Plaintiff's counsel improperly instructed Mr. Chung to not answer questions during his second deposition. (Dkt. No. 267 at 2.) First, Plaintiff's counsel instructed Mr. Chung to not answer questions concerning situations "where Force MOS customers also terminated their supply relationship for reasons similar to ASUSTEK's." (*Id.*) Second, Plaintiff's counsel instructed Mr. Chung to not answer questions concerning certain documents that are purportedly outside the scope of the Parties' agreement. (*Id.*)

In response, Plaintiff argues that Defendant improperly sought to expand the scope of the Parties' agreement. (Dkt. No. 282 at 1.) According to Plaintiff, Defendant cannot now "complain about [the deposition's] limitations after the fact." (*Id.* at 2–3.) Plaintiff further argues that counsel's instruction to Mr. Chung to not answer the questions outside the scope of the Parties' agreement are permitted under Rule 30(c)(2). (*Id.* at 3.)

The Court finds that Defendant has failed to sufficiently explain why the Court should compel a third deposition of Mr. Chung. As an initial matter, Defendant waited almost a month to file the Motion after Mr. Chung's deposition. This delay undermines the purported necessity of another deposition. Substantively, Defendant now proposes deposing Mr. Chung on topics outside the scope of the Parties' agreement. The Parties agreed before this Court at the earlier hearing referenced above to produce certain documents to resolve disputes raised in a motion to compel.

The Parties further agreed before this Court to limit Mr. Chung's second deposition to the new productions. Defendant now seeks to expand the scope of this prior agreement and examine Mr. Chung as to topics and documents beyond "the new productions Force Mos has agreed to make, including quality assurance communications and letters; the Quanta audit and price increases." The Court sees no reason to permit Defendant to exceed the Parties' prior agreement (on the record) with a third deposition, particularly at this late stage in the case.

Separately, the Court rejects Plaintiff's argument that it properly instructed Mr. Chung not to answer under Rule 30(c)(2). Relevant here, Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, *to enforce a limitation ordered by the court*, or to present a motion under Rule 30(d)(3)." FED. R. CIV. PRO. 30(c)(2) (emphasis added). None of the situations enumerated in Rule 30(c)(2) apply here. While Plaintiff argues that this Court ordered a limitation on the deposition, that is incorrect. After the June 17, 2024 hearing and the Parties' agreement was announced into the record, the Court issued an Order instructing the Parties to file motions to withdraw their discovery motions, which were subsequently granted. (Dkt. Nos. 143, 149.) Accordingly, there was never "a limitation ordered by the court" for Plaintiff's counsel to enforce. The Parties' agreement, even after it has been announced on the record, is not tantamount to an affirmative order of the Court. Therefore, Rule 30(c)(2) did not permit Plaintiff's counsel, under these circumstances, to instruct Mr. Chung to not answer a question at deposition.

Despite Plaintiff's failure to properly follow Rule 30, the Court nonetheless finds that the Motion should be denied. Allowing Defendant to renege on the Parties' agreement and expand the scope of Mr. Chung's deposition after their specific agreement had been announced and confirmed in open court would have a chilling effect on resolving future discovery disputes. The Court much

4

prefers to encourage litigants to independently reach agreements and resolve discovery disputes without burdening the Court. To facilitate such, these agreements will be enforced by the Court.

### III. CONCLUSION

For the reasons noted above, the Motion is **DENIED**.

**So ORDERED and SIGNED this 4th day of September, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE