IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FORCE MOS TECHNOLOGY CO., LTD., § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ASUSTEK COMPUTER, INC., § <br> *Defendant*. § <br> § | CIVIL ACTION NO. 2:22-CV-00460-JRG |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Force MOS Technology, Co., Ltd.'s ("Plaintiff") Motion for Summary Judgment as to Defendant's Defense of No Direct Infringement on the Basis of Collateral Estoppel (the "Motion"). (Dkt. No. 346.) In the Motion, Plaintiff requests that Defendant ASUSTek Computer, Inc. ("Defendant" or "ASUSTek" and with Plaintiff, the "Parties") "be precluded from arguing that it is not liable for the acts of infringement of its subsidiaries" under a theory of alter ego. (*Id*. at 9.) Having considered the Motion, the briefing, and all documents submitted in support thereof, the Court finds that the Motion should be **DENIED**.

The issues presented in the Motion and Defendant's response thereto (Dkt. No. 347)—namely, (1) Defendant's defense that Plaintiff sued the wrong entity for direct infringement, and (2) Plaintiff's alter ego theory—have both been (for lack of a better word) vexatious, and both Parties are to blame.

Defendant waited until almost the end of fact discovery to disclose its significant defense that Defendant is purportedly "the wrong party to sue in this case because [Defendant] does not conduct infringing operations in the United States, nor does it import products into the United States." (Dkt. No. 100-4 at 1 (Defendant ASUSTek Computer, Inc.'s First Amended Initial and

Additional Disclosures, served May 7, 2024).)[1] Defendant then asserted for the first time that ASUS Computer International was the entity that allegedly directly infringes in the United States. (*Id*.) Defendant's delay is without excuse, and its attempt to foist the blame for its delay on its previous counsel reflects poorly upon Defendant and its subsequent counsel. (Dkt. No. 232 at 3 (Defendant arguing that its delay in disclosing its no direct infringement defense "is entirely innocent" because its previous counsel "was unfamiliar with ASUSTek's operations and the no direct infringement defense").) Such late disclosure has worked a hardship on Plaintiff and the Court.

Unfortunately, Plaintiff's hands are similarly unclean. Once it learned of this defense, Plaintiff chose to lay behind the log rather than expressly assert an alter ego theory of liability. In direct response to Defendant's no direct infringement defense, Plaintiff sought leave to file a Second Amended Complaint which was then silent as to any theory of alter ego and only added a claim that Defendant indirectly infringes U.S. Patent No. 7,812,409. (Dkt. No. 100 at 8 ("While Force MOS still maintains that ASUS is directly infringing all of the patents-in-suit, in view of this newly raised defense, Force MOS is now including in its claims that ASUS's has indirectly infringed the '409 Patent, including by inducing the infringement by third parties (such as by [ASUS Computer International]).").) Further, Plaintiff requested leave to amend its complaint approximately two months after a Western District of Texas jury rendered a verdict finding the same Defendant vicariously liable for the actions of its U.S. subsidiaries ASUS Global Pte Ltd. and ASUS Computer International. (Dkt No. 346-4 at 5.) In view of (1) Defendant's attempt to raise a no direct infringement defense for the first time near the very close of fact discovery, and (2) the Western District of Texas jury verdict, Plaintiff should have known that (if it was ever

---

[1] From Defendant's answer (Dkt. No. 6) until it finally raised this defense, approximately fourteen (14) months transpired, with no justifiable explanation from Defendant.

going to) it should come forward with a viable alter ego theory in its Second Amended Complaint. Plaintiff chose not to do so, but rather chose to stay hidden behind the log.

Not only did Plaintiff fail to expressly raise an alter ego theory in its Second Amended Complaint,[2] Plaintiff also did not raise alter ego in the Joint Pretrial Order ("JPO"). (*See generally* Dkt. No. 276.) On the other hand, Defendant stated in the JPO that Plaintiff did not name ASUS Computer International as a defendant. (*Id*. at 8.) In fact, Defendant contended in the JPO that Plaintiff "has not plead or has waived any alter ego or agency theory under which ASUSTek may allegedly be responsible for the actions of ASUS International." (*Id*.) Moreover, while Defendant expressly raised this contention, the Parties apparently *agreed* that the alter ego issue did not belong in the JPO's section of "Contested Issues of Fact and Law." (*Id*. at 21–24.)

Then, during the pretrial conference, alter ego was briefly discussed with regards to Defendant's motion for summary judgment of no direct infringement. (Dkt. No. 168.) Plaintiff argued that summary judgment is not appropriate because (1) there is a genuine dispute of material fact as to whether Defendant directly infringes, and (2) Defendant is liable for the acts of its agents under an alter ego theory. The Court denied the motion for summary judgment because there were genuine disputes of material fact as to whether Defendant itself directly infringes the Asserted Patents *vis-à-vis* its own websites operating within the United States. (Dkt. No. 315 at 54:4–10 ("And with regard to the no direct infringement under the § 271(a) portion of this motion, I'm going to deny that motion for summary judgment. I think the ownership of the websites through which U.S. customers purchased accused products, as well as the ownership of the trademarks

---

[2] Notably, the Second Amended Complaint fails to even mention ASUS Global Pte Ltd. and ASUS Computer International by name (Dkt. No. 144) despite Plaintiff knowing Defendant's contention that Defendant was the "wrong party to sue" and that "[t]he entity that does import products into the United States is ASUS Computer International." (Dkt. No. 100-4 at 1.) In the face of such, Plaintiff's silence is deafening.

used to brand certain accused products, raises material questions of fact that preclude the entry of summary judgment.").)

Finally, and at long last, Plaintiff only now requests that the Court grant summary judgment as to Defendant's no direct infringement defense because the court in the Western District of Texas entered final judgment, giving effect to the jury's verdict there. The final judgment entered in that case states that "the jury's verdict confirmed agency and alter ego relationships involving Defendant, ASUS Global Pte. Ltd., and ASUS Computer International, holding that Defendant is liable for the actions of ASUS Global Pte. Ltd. and ASUS Computer International." (Dkt. No. 346-5 at 2 (cleaned up).) According to Plaintiff, this final judgment collaterally estops Defendant from arguing that it does not directly infringe because Defendant is responsible for the alleged acts of infringement committed by its domestic alter egos.

Collateral estoppel "prohibits a party from seeking another determination of *the litigated issue* in the subsequent action." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 689 (5th Cir. 2014) (quoting *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir.1994)) (emphasis added). "[T]he issue under consideration in [the] subsequent action must be identical to the issue litigated in [the] prior action." *Id.* Regarding alter ego, a plaintiff must adequately plead sufficient facts in its complaint to support an alter ego theory of vicarious liability. *See Implicit, LLC v. NetScout Sys., Inc.*, No. 2:18-cv-00053-JRG, 2019 WL 127115, at *2 (E.D. Tex. Jan. 8, 2019) (dismissing allegations of vicarious liability under an alter ego theory on a Rule 12(b)(6) motion where the plaintiff has failed to adequately plead sufficient facts); *see also Cap. Parks, Inc. v. Se. Advert. & Sales Sys. Inc.*, 30 F.3d 627, 629–30 (5th Cir. 1994) (affirming dismissal for failure to plead alter ego).

4

Here, Plaintiff failed to timely and adequately reveal its alter ego theory in this case. After learning of Defendant's new-found no direct infringement defense, Plaintiff had the opportunity to plead and pursue an alter ego theory.[3] Instead, Plaintiff decided to wait until filing a response to Defendant's motion for summary judgment of no direct infringement to raise its alter ego theory. (Dkt. No. 204 at 12–13.) Plaintiff's delay is unjustifiably untimely. *See Jackson v. Gautreaux*, 3 F.4th 182, 188-89 (5th Cir. 2021) ("[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court"). Consequently, the Court finds that alter ego and vicarious liability are not at issue in this case.

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 346) should be and hereby is **DENIED**. For the sake of clarity, Plaintiff cannot pursue an alter ego theory of direct infringement at trial. Nonetheless, Plaintiff may pursue its previously presented direct infringement theory regarding Defendant's ownership and use of certain websites operating within the United States, which is consistent with the Court's ruling on Defendant's motion for summary judgment. (Dkt. No. 315 at 54:4–10.) However, Plaintiff's late revealing of an alter ego basis as to Defendant's direct infringement (coming out from behind the log at the eleventh-hour of this case) is not fair, has been waived, and shall not be raised during the trial of this case.

**So ORDERED and SIGNED this 6th day of February, 2025.**

 

 

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] It is impossible for the Court to believe that Plaintiff did not closely monitor Defendant's parallel litigation in the Western District of Texas and knew of the jury's March, 2024 findings.