IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FORCE MOS TECHNOLOGY CO., LTD., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ASUSTeK COMPUTER, INC., § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 2:22-CV-00460-JRG |

## FINAL JUDGMENT

A jury trial commenced in this case on February 7, 2025. On February 13, 2025, the jury returned a unanimous verdict (Dkt. 358) finding that: Plaintiff Force MOS Technology, Co., Ltd. ("Force MOS") had acquired all rights in U.S. Patent No. 7,812,409 (the "'409 Patent") from Dr. Fu-Yuan Hshieh; that Defendant ASUSTeK Computer, Inc. ("ASUSTeK") infringed Claims 1-3 of U.S. Patent No. 7,629,634 (the "'634 Patent") and Claim 1 of the '409 Patent asserted by Force MOS; that Claim 1 of the '409 Patent was not invalid; that ASUSTeK's infringement was willful; and that Force MOS should recover a lump sum reasonable royalty of $10,500,000.00 for ASUSTeK's infringement.[1]

On March 31, 2025, the Court conducted a bench trial regarding ASUSTeK's inequitable conduct defense. On June 10, 2025, the Court issued Findings of Fact and Conclusions of Law, wherein the Court held that ASUSTeK had not established by clear and convincing evidence the required elements of its inequitable conduct defenses and counterclaims, and consequently, that Force MOS's '634 and '409 Patents are enforceable, and that ASUSTeK should take nothing by way of its inequitable conduct defenses and counterclaims.

---

[1] The Court notes that during the Formal Charge Conference Force MOS and ASUSTeK confirmed on the record that any reasonable royalty awarded herein should properly be in the form of a lump sum and not a running royalty. (Dkt. No. 372, Trial Tr. at 1018:2-17.)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS FINAL JUDGMENT** as follows:

1. Force MOS acquired all rights to the '409 Patent from Dr. Fu-Yuan Hshieh;

2. ASUSTeK has infringed Claims 1, 2, and 3 of the '634 Patent;

3. ASUSTeK has infringed Claim 1 of the '409 Patent;

4. Claim 1 of the '409 Patent is not invalid;

5. ASUSTeK's infringement was willful;

6. Force MOS is awarded damages and shall have and recover from and against ASUSTeK the sum of $10,500,000.00 U.S. Dollars as a lump sum reasonable royalty payment for ASUSTeK's above infringement of the '634 and '409 Patents;

7. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the material benefit of having presided throughout the jury trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[2] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

8. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Force MOS is the prevailing party in this case and shall recover its costs from ASUSTeK. Accordingly, Force MOS is directed to file its Bill of Costs;

---

[2] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016).

9. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award,"[3] the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[4] and

10. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 10th day of June, 2025.**

                                          RODNEY GILSTRAP
                                          UNITED STATES DISTRICT JUDGE

---

[3] *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[4] *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988).