IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FORCE MOS TECHNOLOGY CO., LTD., § § § § § § § § | |
| *Plaintiff*, | |
| v. | CIVIL ACTION NO. 2:22-CV-00460-JRG |
| ASUSTEK COMPUTER, INC., | |
| *Defendant*. | |

## AMENDED FINAL JUDGMENT

On June 11, 2025, the Court entered its Final Judgment (Dkt. No. 421) herein. However, due to inadvertence, the Judgment provided that Plaintiff Force MOS Technology, Co., Ltd. ("Force MOS") would recover a reasonable royalty from Defendant ASUSTeK Computer, Inc. ("ASUSTeK") in the form of a lump sum. The Judgment should have held that the reasonable royalty recovered by Force MOS from ASUSTeK would be in the form of a running royalty and not a lump sum. This Amended Final Judgment is entered for the sole purpose of correcting this error. Accordingly, the Court enters this Amended Final Judgment as follows:

A jury trial commenced in this case on February 7, 2025. On February 13, 2025, the jury returned a unanimous verdict (Dkt. No. 358) finding that: Force MOS had acquired all rights in U.S. Patent No. 7,812,409 (the "'409 Patent") from Dr. Fu-Yuan Hshieh; that ASUSTeK infringed Claims 1-3 of U.S. Patent No. 7,629,634 (the "'634 Patent") and Claim 1 of the '409 Patent asserted by Force MOS; that Claim 1 of the '409 Patent was not invalid; that ASUSTeK's infringement was willful; and that Force MOS should recover a reasonable royalty of $10,500,000.00 for ASUSTeK's infringement.[1]

---

[1] The Court notes that during the Formal Charge Conference Force MOS and ASUSTeK confirmed on the record that any reasonable royalty awarded herein should properly be in the form of a running royalty and not a lump sum. (Dkt. No. 372, Trial Tr. at 1018:2-17.)

On March 31, 2025, the Court conducted a bench trial regarding ASUSTeK's inequitable conduct defense. On June 10, 2025, the Court issued Findings of Fact and Conclusions of Law, wherein the Court held that ASUSTeK had not established by clear and convincing evidence the required elements of its inequitable conduct defenses and counterclaims, and consequently, that Force MOS's '634 and '409 Patents are enforceable, and that ASUSTeK should take nothing by way of its inequitable conduct defenses and counterclaims.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS FINAL JUDGMENT** as follows:

1. Force MOS acquired all rights to the '409 Patent from Dr. Fu-Yuan Hshieh;

2. ASUSTeK has infringed Claims 1, 2, and 3 of the '634 Patent;

3. ASUSTeK has infringed Claim 1 of the '409 Patent;

4. Claim 1 of the '409 Patent is not invalid;

5. ASUSTeK's infringement was willful;

6. Force MOS is awarded damages and shall have and recover from and against ASUSTeK the sum of $10,500,000.00 U.S. Dollars as a reasonable royalty in the form of a running royalty for ASUSTeK's above infringement of the '634 and '409 Patents;

7. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the material benefit of having presided throughout the jury trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[2] concludes that enhancement of the

---

[2] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016).

compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

8. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Force MOS is the prevailing party in this case and shall recover its costs from ASUSTeK. Accordingly, Force MOS is directed to file its Bill of Costs;

9. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award,"[3] the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[4]

10. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid; and

11. This Amended Final Judgment shall be and is effective for all purposes as of June 11, 2025, being the date of entry of the original Final Judgment herein.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 12th day of June, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[4] *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988).