**FILED UNDER SEAL**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FORCE MOS TECHNOLOGY, CO., LTD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 2:22-cv-00460-JRG ) |
| ASUSTEK COMPUTER, INC. | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**RULE 59 MOTION FOR A NEW TRIAL**

**FILED UNDER SEAL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

I.  INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 1

    A.    Claims About the Propriety of ASUS's Sales Data do not Warrant a New Trial ..................................................................................................................... 1

        1.    ASUS Waived its Post-Trial Objections ...................................................... 1

        2.    Claims That ASUS's Sales Data is "Unreliable" and "Wrong" were Supported by Sufficient Evidence ............................................................ 3

            a.    The Record Supports Force MOS's Characterization of ASUS's Sales Data as "Unreliable" ................................................ 3

            b.    The Record Supports Force MOS's Characterization of ASUS's Sales Data as "Wrong" ....................................................... 5

    B.    The Verdict Form was Proper and Does Not Warrant a New Trial ........................ 8

        1.    ASUS Waived the Objections it Now Raises ............................................ 9

        2.    The Verdict Form was Proper ................................................................ 10

        3.    The Federal Circuit's Decision in *Optis* is Inapplicable .......................... 11

III. CONCLUSION .............................................................................................................. 12

**FILED UNDER SEAL**

# TABLE OF AUTHORITIES

**Cases**      **Page(s)**

*Baisden v. I'm Ready Prods., Inc.*,
   693 F.3d 491 (5th Cir. 2012) ................................................................................. 2, 3, 5

*Borel v. Fibreboard Paper Prods. Corp.*,
   493 F.2d 1076 (5th Cir. 1973) ..................................................................................... 10

*i4i Ltd. Partnership v. Microsoft Corp.*,
   598 F. 3d 831 (Fed. Cir. 2010) ................................................................................ 11, 12

*In re Isbell Records, Inc.*,
   774 F.3d 859 (5th Cir. 2014) ........................................................................................ 5, 7

*Johnson v. Michelin Tire Corp.*,
   812 F. 2d 200 (5th Cir. 1987) ........................................................................................ 2, 3

*Mills v. Beech Aircraft Corp., Inc.*,
   886 F.2d 758 (5th Cir. 1989) ......................................................................................... 5, 7

*Mitchell v. Lone Star Ammunition, Inc.*,
   913 F.2d 242 (5th Cir. 1990) ......................................................................................... 4, 8

*Mitsubishi Elec. Corp. v. Ampex Corp.*,
   190 F. 3d 1300 (Fed. Cir. 1999) ....................................................................................... 9

*Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*,
   848 F.2d 613 (5th Cir. 1988) ...................................................................................... 2, 3, 5

*Ollnova Techs. Ltd. v. ecobee Techs. ULC*,
   No. 2:22-cv-00072-JRG, 2024 WL 4107484 (E.D. Tex. Sept. 5, 2024) ......................... 9, 10

*Omega Patents, LLC v. CalAmp Corp.*,
   920 F.3d 1337 (Fed. Cir. 2019) ........................................................................................ 10

*Optis Cellular Tech., LLC v. Apple Inc.*,
   139 F.4th 1363 (Fed. Cir. 2025) ................................................................................. 11, 12

*Packet Intelligence LLC v. Sandvine Corp.*,
   No. 2:16-cv-00147-JRG, 2018 WL 9869748 (E.D. Tex. Sept. 7, 2018) ......................... 2, 3

*Palmer v. Hoffman*,
   318 U.S. 109 (1943) ............................................................................................................ 9

*Railroad Dynamics, Inc. v. A. Stucki Co.*,
   727 F. 2d 1506 (Fed. Cir. 1984) ........................................................................................ 11

*Ray v. Iuka Special Mun. Separate School Dist.*,
   51 F.3d 1246 (5th Cir. 1995) ............................................................................................... 4

*Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*,
   758 F. 2d 613 (Fed. Cir. 1985) .......................................................................................... 11

*Stanton v. Jarvis Christian College*,
   477 F. Supp. 3d 561 (E.D. Tex. 2020) .................................................................................. 2, 3

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-cv-TJW-CE, 2011 WL 3625036 (E.D. Tex. Aug. 17, 2011) ..................................... 11

*United States v. Johnson*,
   825 F. App'x 156 (5th Cir. 2020) ............................................................................................ 10

*Wright v. Ford Motor Co.*,
   508 F.3d 263 (5th Cir. 2007) .................................................................................................... 9

*Zafiro v. United States*,
   506 U.S. 534 (1993) .............................................................................................................. 5, 10

**Rules**

Fed. R. Civ. P. 49(b) ..................................................................................................................... 10

**FILED UNDER SEAL**

I.  **INTRODUCTION**

Defendant ASUSTeK Computer, Inc. ("ASUS") seeks a new trial under Rule 59 on two bases. First, ASUS alleges that the characterization of its sales data as "wrong" and "unreliable" was "unfair and highly prejudicial to ASUS[] and the credibility of ASUS['s] witnesses." Second, ASUS claims that, because the verdict form did not ask separate questions regarding different theories of infringement, the verdict form was "legally erroneous and prejudicial." Neither basis finds support in the record or the law, and ASUS's Motion should be denied.

*First*, despite now claiming that Plaintiff Force MOS Technology Co., Ltd.'s ("Force MOS") damages expert and counsel improperly characterized ASUS's sales data as "unreliable" or "wrong" in nearly thirty instances, ASUS did not *once* object to those characterizations. Accordingly, ASUS has waived those objections. Moreover, the characterization of ASUS's data as "unreliable" and "wrong" was well-grounded in the evidentiary record, warranting denial of ASUS's Motion.

*Second*, ASUS claims that the verdict form violated its right to a unanimous verdict, and made it impossible to "parse out" damages among legal theories, requiring a new trial. But during the charge conference, ASUS did not object on either basis, resulting in a waiver of those arguments. Moreover, the verdict form complied with the law by asking separate questions of infringement on a patent-by-patent basis. Accordingly, ASUS's Motion should be denied.

II.  **ARGUMENT**

    A.  **Claims About the Propriety of ASUS's Sales Data do not Warrant a New Trial**

        1.  **ASUS Waived its Post-Trial Objections**

ASUS claims that a new trial is warranted because Force MOS's characterization of ASUS's sales data—throughout trial and during closing argument—as "wrong" and "unreliable"

1

**FILED UNDER SEAL**

was "unfair and highly prejudicial to ASUS[] and the credibility of ASUS['s] witnesses." Dkt. No. 437, at 2. Indeed, ASUS claims that Mr. LaMotta, Force MOS's damages expert, testified that ASUS's data was unreliable "no less than 14 times," and that Force MOS's counsel similarly repeated that claim "14 separate times" during closing argument. *Id.* at 3, 5. But despite now complaining of nearly thirty instances where Force MOS characterized ASUS's data as unreliable, ASUS did not *once* object to the complained-of testimony or closing argument, requiring denial of its Motion.

It is well settled that the failure to object to trial testimony or to statements made during closing argument results in waiver. *Stanton v. Jarvis Christian College*, 477 F. Supp. 3d 561, 574 (E.D. Tex. 2020) (denying Rule 59 motion based on alleged prejudice resulting from closing arguments where movant failed to object during closing); *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 509 (5th Cir. 2012) (same); *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1988) (same); *Johnson v. Michelin Tire Corp.*, 812 F. 2d 200, 210 n. 8 (5th Cir. 1987) (affirming denial of motion for new trial where movant failed to object during testimony); *Packet Intelligence LLC v. Sandvine Corp.*, No. 2:16-cv-00147-JRG, 2018 WL 9869748, at *4 (E.D. Tex. Sept. 7, 2018) (same). As this Court and the Fifth Circuit have explained, a party seeking a new trial cannot wait until "after opening statements, after [the complained-of testimony], well after closing arguments, [] after submission of the case to the Jury[,]" and "after the Jury completed its deliberations and returned a verdict against [the movant]" to lodge its complaints. *Packet Intelligence*, 2018 WL 9869748, at *4; *see also Nissho-Iwai Co.*, 848 F.2d at 619.

Here, ASUS failed to object to *every* statement by Force MOS's damages expert or counsel that ASUS now contends warrants a new trial. *See* Dkt. No. 371, at 652:6, 652:8-10, 652:14-15,

2

**FILED UNDER SEAL**

652:21, 654:8-9, 661:2-5, 661:11-13, 669:2-5, 669:9-11, 684:13-16, 687:5-7; Dkt. No. 373, at 1098:23-25, 1101:21, 1102:4-1103:9, 1103:22-23, 1104:4-8, 1104:9-16, 1105:23-24, 1106:19-1107:1. ASUS's failure to object warrants denial of its motion. *Stanton*, 477 F. Supp. 3d at 574; *Baisden*, 693 F.3d at 509; *Nissho-Iwai Co.*, 848 F.2d at 619; *Johnson*, 812 F. 2d at 210 n. 8; *Packet Intelligence LLC*, 2018 WL 9869748, at *4.

### 2. Claims That ASUS's Sales Data is "Unreliable" and "Wrong" were Supported by Sufficient Evidence

#### a. The Record Supports Force MOS's Characterization of ASUS's Sales Data as "Unreliable"

The bulk of ASUS's arguments for a new trial focus on Mr. LaMotta and Force MOS's counsel's characterization of ASUS's data as "unreliable." Dkt. No. 437, at 3, 5. But those characterizations were borne out by extensive record evidence, requiring denial of ASUS's Motion.

*First*, regarding Mr. LaMotta's testimony, Mr. LaMotta's testimony that ASUS's data is "unreliable" was based on substantial evidence presented to the jury. As Mr. LaMotta explained, his opinion that ASUS's data is unreliable rested upon the following:

- ASUS does not know the mix, or combination of MOSFETs, in the accused products, information "critical" to understanding the extent of ASUS's infringement. Dkt. No. 371, at 652:25-653:9, 655:10-656:1.

- ASUS's corporate representative, Mr. Fu, testified that ASUS's sales data "was assembled by a lawyer in Taiwan, that he had not verified it, and that he was not aware if anyone verified it." *Id.*, at 656:24-657:5.

- ASUS's other corporate representative, Mr. Hung, testified that he had never seen ASUS's sales data, nor any document like it. *Id.*, at 657:6-11.

- Mr. Hung testified that ASUS's sales data does not include the accused MOSFETs that are in products like batteries, power supplies, display panels, touchpads, or cameras. *Id.*, at 658:9-659:2, 659:17-20.

3

- Even for those products that ASUS's sales data tracked, Mr. Hung testified that the data did not identify which accused MOSFETs were actually in those products. *Id.*, at 657:24-658:16.

ASUS's corporate representatives and damages expert gave testimony confirming the basis for Mr. LaMotta's opinions. *See, e.g.*, Dkt. No. 369, at 263:2-264:10, 264:13-19, 265:3-266:3 (Hung); Dkt. No. 370, at 589:3-590:15, 591:21-23 (Fu); 742:7-20 (Hung); Dkt. No. 372, at 924:16-23, 925:22-926:5, 927:25-928:10, 928:25-929:6 (Dr. Ugone). Based on the foregoing evidence, Mr. LaMotta testified that, based on his work "on hundreds of patent cases," ASUS's sales data was "not reliable for measuring or understanding the scope of the infringement or the mix of the components that infringe." Dkt. No. 371, at 660:21-661:15.

Despite the extensive evidence supporting Mr. LaMotta's opinions presented at trial—all of which came in without objection from ASUS—ASUS now asks the Court to order a new trial based on competing evidence that it claims established the reliability of its data. But on a motion for new trial, the Court "is not free to weigh the evidence, pass on the credibility of witnesses, or substitute its judgment of the facts for that of the jury." *Mitchell v. Lone Star Ammunition, Inc.*, 913 F.2d 242, 252 (5th Cir. 1990) (citation omitted). Moreover, "[i]t is the jury's province to determine whether expert testimony rests upon tenuous evidentiary inferences[.]" *Id.* The jury heard the evidence relied upon by Mr. LaMotta and the evidence now urged by ASUS, and it ruled in Force MOS's favor. That ASUS failed to convince the jury does not warrant a new trial. *See id.*; *see also Ray v. Iuka Special Mun. Separate School Dist.*, 51 F.3d 1246, 1251 (5th Cir. 1995) (affirming denial of motion for judgment as a matter of law and new trial because jury was entitled to believe non-movant's evidence, even if contradicted by the movant's evidence) (collecting cases).

4

*Second*, regarding Force MOS's counsel's statements that ASUS's sales data is "unreliable" during closing argument, "[a] motion for a new trial premised on improper arguments by counsel should only be granted when 'improper closing argument irreparably prejudices a jury verdict or if a jury fails to follow instructions.'"[1] *Baisden*, 693 F.3d at 509 (quoting *Nissho-Iwai Co.*, 848 F.2d at 619). A new trial is not warranted where closing statements are sufficiently based on the record. *In re Isbell Records, Inc.*, 774 F.3d 859, 872 (5th Cir. 2014).

As further described above, Force MOS's counsel's statements regarding the "reliability" of ASUS's sales data were soundly grounded in the evidence presented at trial through Mr. LaMotta, ASUS's own corporate representatives, Mr. Hung and Mr. Fu, and ASUS's damages expert, Dr. Ugone. *See, e.g.*, Dkt. No. 373, at 1099:5-21 (relying on testimony from Mr. Hung), 1100:4-1101:21 (relying on testimony from Mr. Hung), 1103:1-7 (relying on testimony from Mr. Fu), 1103:10-15 (relying on testimony from Dr. Ugone), 1103:16-19 (relying on testimony from Mr. LaMotta). Because Force MOS's counsel's characterization of ASUS's data as "unreliable" during closing arguments was supported by the record, a new trial is not warranted. *See In re Isbell Records*, 774 F.3d at 872 (affirming denial of motion for new trial where statements made in closing had a basis in the record); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 766 (5th Cir. 1989) (same).

### b. The Record Supports Force MOS's Characterization of ASUS's Sales Data as "Wrong"

ASUS also argues that the Court should order a new trial because, in addition to characterizing ASUS's data as "unreliable," Mr. LaMotta and Force MOS's counsel characterized

---

[1] Here, the Court instructed the jury that closing arguments made by the lawyers are not evidence. Dkt. No. 373, at 1028:18-21. "Juries are presumed to follow their instructions." *Baisden*, 693 F.3d at 508 (quoting *Zafiro v. United States*, 506 U.S. 534, 540 (1993)).

**FILED UNDER SEAL**

ASUS's data as "wrong." Dkt. No. 437, at 3, 5. But those characterizations were likewise supported by the record, requiring denial of ASUS's Motion.

The characterization of ASUS's sales data as "wrong" largely turned on the evidence that the sales data (1) was generated by a lawyer in Taiwan and had not been verified, and (2) indicated that it was "not possible" that an accused MOSFET appeared in a certain accused product, when the evidence of record demonstrated otherwise. *See, e.g.*, Dkt. No. 371, at 656:24-657:11 (Mr. LaMotta testifying about the creation and lack of verification of the sales data); Dkt. No. 373, at 1101:25-1103:4 (Force MOS's counsel's closing statements based on inaccuracy in sales data, as well as lawyer-generated and unverified nature of the data). ASUS raises no arguments about the former basis. *See generally* Dkt. No. 437. Instead, ASUS's argument that it was unfair and highly prejudicial for Mr. LaMotta and Force MOS's counsel to characterize the data as "wrong" is twofold. First, ASUS argues that Force MOS failed to present any evidence supporting its theory during trial. Second, ASUS argues that Force MOS's characterization was "false" *based on evidence that ASUS failed to present at trial* and which is not of record.

*First*, Force MOS did not improperly "ambush" ASUS during closing after purportedly failing to present any trial testimony on the issue. On the first day of trial, Force MOS presented the testimony of ASUS's representative, Mr. Hung, by deposition. Dkt. No. 369. During that testimony, Mr. Hung confirmed that ASUS's sales data reflected the accused MOSFETs that could be contained in ASUS's motherboards and graphics cards. *Id.*, at 264:9-10. Then, during the testimony of Force MOS's technical expert, Dr. Neikirk, Force MOS's counsel specifically showed Dr. Neikirk two exhibits simultaneously—PX-42 and JX-16—and asked Dr. Neikirk to explain "how you know which MOSFET in the representative ASUS product corresponds to the packaged MOSFET[.]" Dkt. No. 370, at 356:6-10. PX-42 depicted a teardown of various accused

6

**FILED UNDER SEAL**

ASUS products, including a PH-GTX graphics card; JX-16 identified the marking for the Panjit 2N7002K accused MOSFET as "K72." *See* PX-42; JX-16. Finally, during the live testimony of ASUS's representative, Mr. Hung, Force MOS's counsel elicited testimony that, "if there is not a Y in one of the columns listing the accused components [in ASUS's sales data], that it is *not possible* for that MOSFET to appear in that product." Dkt. No. 371, at 741:18-22 (emphasis added).

During closing arguments, Force MOS's counsel relied on all of that evidence to argue to the jury that ASUS's data was wrong. Specifically, Force MOS's counsel identified that (1) ASUS's sales data tracked MOSFETs that could appear in graphics cards, (2) PX-42 contained a teardown of an ASUS graphics card, the PH-GTX, (3) ASUS's sales data indicated that it was not possible for the PH-GTX to contain the Panjit 2N7002K accused MOSFET, and (4) the teardown image of the PH-GTX depicted two chips bearing the K72 marking associated with the Panjit 2N7002K accused MOSFET. Dkt. No. 373, at 1102:11-24. Accordingly, because the characterization of ASUS's data as "wrong" was supported by the record, a new trial is not warranted.[2] *See In re Isbell Records*, 774 F.3d at 872 (affirming denial of motion for new trial where statements made in closing had a basis in the record); *Mills*, 886 F.2d at 766 (same).

*Second*, faced with its own failure to properly rebut the evidence presented by Force MOS to the jury, ASUS instead tries to present that evidence to the Court. Now, relying on a specification sheet for a distinct MOSFET that was *not* admitted at trial or shown to the jury, ASUS argues that the K72 marking did not refer to the Panjit 2N7002K. Dkt. No. 437, at 7 (relying on a "publicly available" specification sheet that was not offered as evidence at trial to demonstrate that "Force

---

[2] ASUS's own Motion admits as much. *See* Dkt. No. 437, at 5 (regarding the statements made in closing argument, acknowledging that, "[i]f true, that would be an error in the data.").

7

**FILED UNDER SEAL**

MOS's alleged example of error was false."). If ASUS wanted to dispute the methodology of identifying the MOSFETs in its products using their markings, the time to do so was long ago. Moreover, even now ASUS is relying on mere attorney argument, rather than any evidence of record or any sworn statement, that the chip imaged in the PH-GTX is not a 2N7002K. Similarly, ASUS's argument fails to demonstrate any irreconcilable conflict between the teardown image in PX-42 and the testimony of Mr. Diep—the Microtech representative.  Mr. Diep testified that he performed a MOSFET parts count on a single ASUS PH-GTX1660S graphics card, but there was no testimony that the teardown images in PX-42 are of the same, physical ASUS PH-GTX1660S graphics card for which the parts counting exercise was performed. Dkt. No. 370, at 290:1-04. Indeed, ASUS has consistently argued that different MOSFETs may populate the same slots in two different physical cards of the same model. Dkt. No. 369, at 160:2-17; Dkt. No. 370, at 615:1-22.  Force MOS's argument was that ASUS's data was still wrong because PX-42 provides visible evidence of a MOSFET filling a slot that ASUS's data said was not possible. In short, ASUS cannot succeed on its Motion by asking this Court to substitute its judgment for the jury—particularly on the basis of evidence that it could have presented, but did not present, to the jury. *See Mitchell*, 913 F.2d at 252.

Accordingly, ASUS's Motion should be denied.

### B. The Verdict Form was Proper and Does Not Warrant a New Trial

ASUS also seeks a new trial on the basis that the verdict form was "legally erroneous and prejudicial" because it did not contain different questions with respect to direct and inducement infringement. According to ASUS, the verdict form thus (1) deprived ASUS of its right to a unanimous verdict, and (2) made it impossible to tie the awarded damages to either theory of infringement. Dkt. No. 437, at 9-10. Both arguments fail.

**FILED UNDER SEAL**

### 1. ASUS Waived the Objections it Now Raises

It is well settled that "a party may not object to an instruction on one ground at trial and then attempt to rely on a different ground on appeal." *Ollnova Techs. Ltd. v. ecobee Techs. ULC*, No. 2:22-cv-00072-JRG, 2024 WL 4107484, at *4 (E.D. Tex. Sept. 5, 2024) (quoting *Wright v. Ford Motor Co.*, 508 F.3d 263, 272 (5th Cir. 2007)). "The same applies for motions for new trial[.]" *Id.* As this Court has explained, "[i]n fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error. Where a party might have obtained the correct charge by specifically calling the attention of the trial court to the error and where part of the charge was correct, he may not through a general exception obtain a new trial." *Id.* (quoting *Palmer v. Hoffman*, 318 U.S. 109, 119 (1943)).

During the charge conference, ASUS did not object on either basis it now claims warrants a new trial, resulting in waiver of those arguments. First, regarding a specific question on induced infringement, ASUS objected only on the basis that "the infringement standards are different, the types of evidence are different, and the damages are different," such that the omission of separate questions would be "potentially confusing to a jury." Dkt. No. 372, at 1020:18-22. ASUS did not object on the basis of its right to unanimity. *See id.* Accordingly, ASUS "waived the materially broader objection it now brings regarding jury unanimity." *Ollnova*, 2024 WL 4107484, at *4; *Mitsubishi Elec. Corp. v. Ampex Corp.*, 190 F. 3d 1300, 1304 (Fed. Cir. 1999) ("the time to raise" objections to the verdict form "was before submission of the case to the jury.").

Second, regarding ASUS's claim that the verdict form renders it impossible to "parse out" damages amongst the different theories of liability, ASUS did not object to the damages question posed to the jury at all. In the event of a finding of infringement, the jury form asked the jury "[w]hat sum of money . . . would compensate [Force MOS] for its damages as to *any* infringement

9

you have found." Dkt. No. 358, at Question No. 5 (emphasis added). In other words, the verdict form did ask separate damages questions for direct and indirect infringement. *See id.* When asked during the charge conference whether ASUS had any objection to Question No. 5, it confirmed it did not. Dkt. No. 372, at 1023:6-9. Indeed, in the verdict form proposed by ASUS, ASUS did not seek to ask the jury to "parse out" damages between theories of direct and indirect infringement. Dkt. No. 327-3, at Question No. 5D. Accordingly, ASUS waived its objections on the basis of the inability to "parse out" damages. *Ollnova*, 2024 WL 4107484, at *4 (finding waiver as to verdict form objections, which waiver was "underscor[ed]" by the movant's own proposed verdict form, which "would seem to run into the same concerns . . . now raised.").

### 2. The Verdict Form was Proper

District courts are afforded "wide discretion . . . to fashion verdict forms." *United States v. Johnson*, 825 F. App'x 156, 174 (5th Cir. 2020). *See also Borel v. Fibreboard Paper Prods. Corp.*, 493 F.2d 1076, 1100 (5th Cir. 1973) (affirming submission of the case on a general verdict because Rule 49 "gives the trial court wide discretion in determining the wording and form of verdicts."); Fed. R. Civ. P. 49(b). "The general verdict must be read in light of the written questions submitted to the jury, jury instructions, and presentation at trial." *Omega Patents, LLC v. CalAmp Corp.*, 920 F.3d 1337, 1348 (Fed. Cir. 2019) (citation omitted). Juries are presumed to follow their instructions." *Baisden*, 693 F.3d at 508 (quoting *Zafiro*, 506 U.S. at 540).

Here, the Court instructed the jury that Force MOS alleged two theories of infringement: direct infringement and induced infringement. Dkt. No. 369, at 116:17-23; Dkt. No. 373, at 1044:10-1047:20. The Court also instructed the jury regarding the elements Force MOS needed to prove in order to establish each theory. Dkt. No. 373, at 1044:10-1047:20. ASUS did not object to those instructions and has not sought relief on the basis of those instructions in its Motion. *See*

**FILED UNDER SEAL**

Dkt. No. 372, at 1009:23-1018:1; Dkt. No. 437. The Court then provided the verdict form to the jury, in which it stated that the jury was "to follow all the instructions that I have given you in the Court's Final Instructions." Dkt. No. 358. The verdict form required the jury to answer whether Force MOS proved infringement on a patent-by-patent basis. *Id.*, at Question Nos. 2A-2B.

A verdict form that poses the question of infringement on a patent-by-patent basis—regardless of the theories of infringement implicated—is proper. *See Omega Patents*, 920 F.3d at 1348-49 (finding induced infringement was properly before the jury, even in the absence of special questions on induced infringement, where the jury was instructed on induced infringement and the jury was asked whether any of the accused devices infringed on a patent-by-patent basis); *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-TJW-CE, 2011 WL 3625036, at *15 (E.D. Tex. Aug. 17, 2011) (noting that "even where some accused products infringe directly and other accused products infringe indirectly, all such accused systems can properly be addressed by the same general verdict of infringement."); *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F. 3d 831, 848-52 (Fed. Cir. 2010) (affirming jury verdict that combined direct and indirect infringement into a combined general verdict form question); *Railroad Dynamics, Inc. v. A. Stucki Co.,* 727 F. 2d 1506, 1514-15 (Fed. Cir. 1984) (affirming appropriateness of general verdicts in patent cases); *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F. 2d 613, 627 (Fed. Cir. 1985) (finding no error in trial court's refusal to present special interrogatories to jury).

Accordingly, ASUS's Motion should be denied.

### 3. The Federal Circuit's Decision in *Optis* is Inapplicable

Notwithstanding the foregoing, ASUS argues that the Federal Circuit's recent decision in *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363 (Fed. Cir. 2025) supports its request for a new trial. But in *Optis*, the Federal Circuit did not address whether a verdict form must separately

11

**FILED UNDER SEAL**

address different theories of infringement. Instead, *Optis* held only that a verdict form violates the right to unanimity when it presents a *single* question of infringement for *multiple* asserted patents. 139 F.4th at 1375. That is because each asserted patent is a separate "legal claim," as "[e]ach patent asserted raises an independent and distinct cause of action," and therefore "infringement must be separately proved as to each patent." *Id.* at 1374-75. By contrast, the Federal Circuit has made clear that direct and indirect infringement are different *theories*, not different legal claims. *See i4i*, 598 F. 3d at 849-50.

Unlike *Optis,* the verdict form here did not present a single question of infringement as to both of the asserted patents. Instead, the verdict form asked distinct questions regarding the jury's determination of infringement as to each patent. Dkt. No. 358, at Question Nos. 2A-2B. Accordingly, *Optis* is inapplicable.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny ASUS's Rule 59 Motion.

Respectfully submitted,

Dated: August 6, 2025

/s/ *Christopher E. Hanba*
Christopher E. Hanba
Texas Bar No. 24121391
chanba@princelobel.com
Ariana D. Pellegrino *
Michigan Bar No. P79104
apellegrino@princelobel.com
Michael D. Saunders
Texas Bar No. 24107000
MSaunders@princelobel.com
Joshua G. Jones
Texas Bar No. 24065517
jjones@princelobel.com
Bryan D. Atkinson
Texas Bar No. 24036157
batkinson@princelobel.com
* Not admitted in Texas

**FILED UNDER SEAL**

                    Prince Lobel Tye LLP
                    500 W. 2nd Street, Suite 1900
                    Austin, Texas 78701
                    Telephone: (512) 737-2414

                    Joshua R. Thane
                    jthane@haltomdoan.com
                    Haltom & Doan
                    6500 Summerhill Road, Suite 100
                    Texarkana, TX 75503
                    Telephone: (903) 255-1000
                    Facsimile: (903) 255-0800

                    *Attorneys for Plaintiff*
                    *Force MOS Technology Co., Ltd.*

**FILED UNDER SEAL**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on August 6, 2025 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(7). I further certify that all counsel of record will be served with copies of any documents filed under seal via e-mail pursuant to Local Rule CV-5(c). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Christopher E. Hanba*
Christopher E. Hanba

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5(a)(7), I certify that this pleading and supporting exhibits are being filed under seal pursuant to the Provisions of the Protective Order entered in this matter. (Dkt. No. 28.)

*/s/ Christopher E. Hanba*
Christopher E. Hanba