**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| FORCE MOS TECHNOLOGY, CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00460-JRG |

**ASUSTEK COMPUTER, INC.'S REPLY IN SUPPORT OF ITS RULE 50(b)
MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING
INDIRECT INFRINGEMENT AND WILLFULNESS (DKT. NO. 435)**

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................................. 1

II.  ARGUMENT ......................................................................................................................... 1

    A.   Force MOS Presented No Evidence of Willfulness or Intent to Infringe the Asserted Patents ................................................................................. 1

    B.   Force MOS Did Not Present to the Jury Its Untimely New Analysis of the Opinions of Counsel Upon Which ASUSTeK Relied .................................. 3

    C.   Force MOS' Allegations Regarding Anticompetitive Behavior are Unsupported and Irrelevant ......................................................................................... 5

III. CONCLUSION ...................................................................................................................... 5

I.   INTRODUCTION

Force MOS' opposition is telling. Force MOS fails to point to a single piece of evidence that it presented to the jury that supports a prima *facie case* of willfulness or intent to infringe the asserted patents. Instead, Force MOS complains of all the actions that—according to Force MOS—ASUSTeK should have taken. According to Force MOS, ASUSTeK should have conducted its own, independent, investigation of the accused MOSFETs, rather than rely on the opinions of experts in the field. According to Force MOS, ASUSTeK should have done its own SEM imaging of the accused MOSFETs, despite not having the capabilities to conduct such testing in-house. According to Force MOS, ASUSTeK should have called witnesses from its MOSFET suppliers, that are located overseas, rather than rely on deposition testimony and documentary evidence. According to Force MOS, upon receiving notice letters, ASUSTeK should have immediately removed all accused MOSFETs from its products, redesigned every ASUSTeK product incorporating said MOSFETs, taken additional, unspecified "steps to avoid infringement," and stopped selling all accused ASUSTeK products to its subsidiaries.

Force MOS ignores that ASUSTeK immediately contacted Force MOS and its suppliers of the accused MOSFETs, reviewed detailed opinions from experts in the technology regarding the accused MOSFETs, and concluded that it did not infringe the asserted patents based on a reasonable investigation. This, according to Force MOS, is irrelevant.

II.   ARGUMENT

    A.   **Force MOS Presented No Evidence of Willfulness or Intent to Infringe the Asserted Patents**

Force MOS' Opposition waxes poetic that it "produced ample evidence for the jury to conclude [that] Defendant intended to infringe." Dkt. No. 459 ("Opp.") at 1. But rather than lay out any affirmative evidence that it allegedly presented to the jury in support of its theory, Force

1

MOS continues to focus on additional actions that it thinks ASUSTeK should have taken. Those actions can be separated into two groups:

| | | |
|---|---|---|
| **Group 1** | | ASUSTeK did not conduct its own investigation regarding pre-suit infringement, but instead it relied upon its MOSFET suppliers. Opp. at 2-3. |
| | | "[ASUSTeK did] not conduct[] its own SEM imaging." Opp. at 4. |
| | | "[ASUSTeK] failed to call at trial a single witness from any of [the MOSFET] suppliers." Opp. at 3. |
| **Group 2** | | "[Post-notice of the asserted patents, ASUSTeK] continued to put infringing MOSFETs in its products." Opp. at 4. |
| | | "[ASUSTeK] did not redesign its products nor demand that its suppliers do so." Opp. at 4. |
| | | "[ASUSTeK] took no steps to avoid infringement." Opp. at 4. |
| | | "[ASUSTeK] knew that its subsidiary was importing the accused products into the United States for sale." Opp. at 4-5. |

Not one of these factors supports Force MOS' allegations of willfulness or intent. With respect to the Group 1 factors, Force MOS is simply wrong that ASUSTeK was required to conduct its own, separate, pre-suit investigation, rather than rely upon experts in the field. Indeed, the Patent Act specifically indicates that failure of a party to obtain its own advice of counsel "may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent." 35 U.S.C. § 298. Here, ASUSTeK actually did one better—it consulted with those most knowledgeable in the technical merits of the accused MOSFETs (the suppliers) and relied upon advice of the suppliers' counsel to come to its conclusion that it did not infringe the asserted patents.

Each of the remaining factors (Group 2) actually supports the viewpoint that ASUSTeK did not think it infringed. Every one of those actions is what a reasonable person would expect

2

from a company that believed it was not infringing.  None of this is out of the ordinary.  Most importantly, none of these factors suggests that ASUSTeK knew it was infringing.

It is Force MOS' burden to prove willfulness.  *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 2190055, at *1 (E.D. Tex. May 18, 2017) ("conclud[ing] that [plaintiff] had not introduced enough evidence of willfulness to justify submitting that issue to the jury.").  ASUSTeK agrees with Force MOS that "the question of whether [ASUSTeK] reasonably, in good faith, relied on opinions of counsel is one for the jury based on all of the evidence." *See* Opp. at 8.  But this assumes that Force MOS presented at least *some* evidence to establish a *prima facie* case for willfulness and intent.  *See Erfindergemeinschaft*, 2017 WL 2190055, at *1-2.  Force MOS pointed to no evidence whatsoever in support of either factor.  Conversely, as ASUSTeK explained in its opening briefing, there is ample evidence that ASUSTeK reasonably believed it was not infringing the asserted patents.  *See, e.g., DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1307 (Fed. Cir. 2006) (finding a demonstrated belief of non-infringement sufficient to support a jury verdict that the defendant did not induce infringement).  In response to the initial notice letters, ASUSTeK acted reasonably.  ASUSTeK promptly contacted Force MOS to clarify Force MOS' infringement allegations, contacted the suppliers of the accused MOSFETs, and reviewed legal opinions related to the accused components and the asserted patents—all within weeks of receiving notice.  *See* Dkt. No. 435 at 1-4.  Based on all available information at the time, ASUSTeK reasonably concluded that it did not infringe the '409 or '634 Patents.  *See id.*

    **B.**  **Force MOS Did Not Present to the Jury Its Untimely New Analysis of the Opinions of Counsel Upon Which ASUSTeK Relied**

As an initial matter, contrary to Force MOS' allegations, it was reasonable for ASUSTeK to rely on the non-infringement opinions provided by the MOSFET suppliers.  Force MOS'

3

allegations that ASUSTeK was required to conduct its own, separate, pre-suit investigation are simply erroneous. The reason individuals engage counsel to draft opinions relating to infringement is because counsel are the individuals most knowledgeable about the law as it relates to infringement. Similarly, ASUSTeK relied on the opinions of those best qualified to assess the technical aspects of the accused MOSFETs—the designers and fabricators of the MOSFETs themselves. ASUSTeK readily admitted that it does not have specific knowledge pertaining to MOSFETs. Tr. at 610:17-25 (Fu); Dkt. No. 435 ("Op. Br.") at 1. MOSFETs are just one commodity component of many that are assembled into any given ASUSTeK product. ASUSTeK had no choice but to rely upon the opinion of experts in the relevant technical fields. To do so was reasonable and cannot support an inference that ASUSTeK had any intent to infringe the asserted patents.

Furthermore, *for the first time in its opposition*, Force MOS seeks to dive into the content of these non-infringement opinions. Force MOS presented no theory to the Court throughout the entirety of this litigation that these opinions were in any way deficient. And more importantly for the purposes of this Motion, Force MOS presented no theory or evidence whatsoever to the jury that the non-infringement opinions were in any way substantively deficient, nor has Force MOS identified in its opposition any evidence that was submitted to the jury that the non-infringement opinions were somehow deficient. Force MOS cannot now try to avoid JMOL by presenting new arguments that it did not make to the jury.[1]

---

[1] The lay members of the jury are not experts in the law of infringement or the technical aspects of the accused MOSFET components. To suggest that they could have come to a conclusion that the non-infringement opinions of counsel (which they did not request to review as part of their deliberations) were deficient, particularly when Force MOS made no such argument at trial, strains credulity.

4

### C. Force MOS' Allegations Regarding Anticompetitive Behavior are Unsupported and Irrelevant

Force MOS has repeatedly and falsely alleged that ASUSTeK sought to impose an industry-wide "ban" on the use of Force MOS components. *See* Opp. at 9; Dkt. No. 430 at 7; Tr. at 141:10-12 (opening statement), 201:10-14 (R. Chung). This is not true. ASUSTeK conducted an assessment of whether to stop using Force MOS MOSFETs *in its own products*, including in the batteries supplied by other parties for use in ASUSTeK's products. Tr. at 256:7 – 259:2 (Tsao). As Force MOS concedes, ASUSTeK ultimately did not follow through with that assessment, so no "ban" of *any sort* was ultimately imposed. *Id.*; Dkt. No. 430 at 7. But Force MOS mischaracterizes Mr. Tsao's testimony to suggest that ASUSTeK sought to ban the use of Force MOS MOSFETs in other companies' products. Opp. at 9 (citing Tr. at 260:1-18). On the contrary, Mr. Tsao explained in response to the very next question that the assessment was limited to evaluating whether it would be possible to stop using Force MOS MOSFETs "in the battery packs *of ASUS*." Tr. at 260:19-25 (emphasis added). It is natural for a company that has been sued for patent infringement by one of its suppliers to consider ceasing further use of that supplier's products. That is all this was, notwithstanding Force MOS' unsupported assertions to the contrary. None of these factors relates in any way to willfulness or any intent to infringe the asserted patents.

### III. CONCLUSION

For the foregoing reasons and those stated in its opening brief (Dkt. No. 435), ASUSTeK respectfully requests that the Court grant JMOL of no indirect infringement and no willful infringement of both the '409 and '634 Patents.

| | |
|---|---|
| Dated: August 27, 2025 | Respectfully submitted,<br><br>/s/ *Charles M. McMahon*<br>Charles M. McMahon<br>Kal K. Shah<br>Thomas M. DaMario<br>Kathleen M. Lynch<br>BENESCH FRIEDLANDER<br>  COPLAN & ARONOFF LLP<br>71 South Wacker Dr., Suite 1600<br>Chicago, IL 60606<br>Tel: (312) 212-4949<br>Fax: (312) 767-9192<br>cmcmahon@beneschlaw.com<br>kshah@beneschlaw.com<br>tdamario@beneschlaw.com<br>klynch@beneschlaw.com<br><br>Ziyong (Sean) Li<br>BENESCH FRIEDLANDER<br>  COPLAN & ARONOFF LLP<br>100 Pine Street, Suite 3100<br>San Francisco, CA 94111<br>Tel: (628) 600-2239<br>Fax: (628) 221-5828<br>sli@beneschlaw.com<br><br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Tel: (903) 934-8450<br>Fax: (903) 934-9257<br>melissa@gillamsmithlaw.com<br><br>James Travis Underwood<br>Texas Bar No. 24102587<br>GILLAM & SMITH, LLP<br>102 N. College, Suite 800<br>Tyler, Texas 75702<br>Tel: (903) 934-8450<br>Fax: (903) 934-9257<br>travis@gillamsmithlaw.com<br><br>*Counsel for ASUSTeK Computer, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August 2025, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, and service has been effectuated to all counsel of record via email.

                                                              */s/ Charles M. McMahon*
                                                              Charles M. McMahon

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), I certify that this motion is being filed under seal pursuant to the Provisions of the Protective Order entered in this matter. (Dkt. 28).

                                                              */s/ Charles M. McMahon*
                                                             Charles M. McMahon